UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES D CHENEVERT, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-09-35 |
| | § | |
| CHRISTOPHER JOSEPH SPRINGER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Defendants The Redemptorists/Denver Province ("The Redemptorists") and Reverend Thomas D. Picton, Jr., C.S.R, his predecessors and successors, as Provincial Superior of the Redemptorists/Denver Province's ("Reverend Picton") amended motion to dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer this case to the Middle District of Louisiana pursuant to 28 U.S.C. § 1406(a). (D.E. 26.)  For the reasons set forth below, Defendants' motion to dismiss this case for improper venue is hereby DENIED, but Defendants' alternative motion to transfer this case to the Middle District of Louisiana is hereby GRANTED, and this case is hereby transferred to the Middle District of Louisiana, pursuant to 28 U.S.C. § 1406(a).

## I.    Jurisdiction

This Court has federal diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of costs and interests.

## II.    Factual Background

The following facts are taken from Plaintiffs' First Amended Complaint (D.E. 19):  From June of 1954 through July of 1972, Defendant Christopher Springer was employed by The

Redemptorists as a deaf missionary priest. (D.E. 19, p. 3.)  During that time, Springer "traveled throughout Texas and Louisiana, engaging in "inappropriate sexual activities with male children." (D.E. 19, p. 3-4.)  In August, 1972, The Redemptorists put Springer on a leave of absence for six months. (D.E. 19, p. 4.)

Even though they "knew or should have known of [Springer's] dangerous sexual propensities," Springer's superiors at The Redemptorists "recommended, authorized, ordered and directed" that Springer to be incardinated as a Roman Catholic Diocesan Priest in the Diocese of Baton Rouge in April, 1973. (D.E. 19, p. 7.)  From April 1973 through November 1984, Springer was a Roman Catholic Priest and Pastor at several parishes in Baton Rouge, Louisiana.  (D.E. 19, p. 5.)

While working as a Roman Catholic Priest and Pastor in Baton Rouge, Louisiana, Springer allegedly "raped, sexually abused and exploited" Plaintiffs James Chenevert and Charles Bishop.  (D.E. 19, p. 7.)  Chenevert suffered this abuse from 1974 through 1984 and Bishop suffered this abuse from 1978 through 1981. (D.E. 19, p. 7.)  From the abuse, Plaintiffs have "suffered continuous psychological injuries" that "have been so chronic and severe as to constitute a disability that has caused Plaintiffs to be of unsound mind and unable to sue." (D.E. 19, p. 8.)  Plaintiffs have "suffered emotional trauma, anguish, loss of respect for authority, loss of earnings and earning capacity, and commenced upon a self-destructive course of conduct." (D.E. 19, p. 8.)

III.   **Procedural Background**

On February 24, 2009, Chenevert and Bishop filed suit against Christopher Springer, The Redemptorists Denver Province, and Reverend Thomas Picton. (D.E. 1.)  Plaintiffs filed an amended complaint on April 12, 2009, adding The Redemptorists New Orleans Vice Province as

a party.  (D.E. 19.)  Chenevert lives in California.  (D.E. 19, p. 2.) Bishop lives in Florida. (D.E. 19, p. 2.)  Springer lives in Louisiana. (D.E. 19, p. 3.)  The Redemptorists Denver Province is a registered Illinois corporation and The Redemptorists New Orleans Vice Province is a Louisiana corporation. (D.E. 19, p. 2.) Reverend Picton lives in Colorado. (D.E. 19, p. 2.)

Plaintiffs allege that all Defendants engaged in a conspiracy to conceal sex crimes from the public, fraud, and fraudulent concealment. (D.E. 19, p. 11-12.)  Further, Plaintiffs allege that The Redemptorists were negligent in, among other things, incardinating Springer, failing to supervise him, failing to remove him, and failing to report him. (D.E. 19, p. 14-15.)  Plaintiffs also contend that The Redemptorists' conduct resulted in the intentional infliction of emotional distress upon Plaintiffs. (D.E. 19, p. 15.)  Further, The Redemptorists breached their fiduciary duties to Plaintiffs. (D.E. 19, p. 16.)  Moreover, The Redemptorists negligently misrepresented that Springer was fit to act as a priest, and was of good moral character. (D.E. 19, p. 17.)  According to Plaintiffs, The Redemptorists' conduct "amounted to gross negligence, fraud, and malice" (D.E. 19, p. 18.)  Plaintiffs contend that The Redemptorists are vicariously liable for Springer's actions, under the doctrine of respondeat superior. (D.E. 19, p. 16.)

On March 26, 2009, Defendants The Redemptorists Denver and Reverend Picton filed a motion to dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer this case to the Middle District of Louisiana pursuant to 28 U.S.C. § 1406(a).  (D.E. 9.)  On April 12, 2009, Plaintiffs filed an amended complaint.  (D.E. 19.)  To address the amended complaint, Defendants The Redemptorists Denver Province and Reverend Picton filed this amended motion to dismiss on the same grounds as above.[1]  (D.E. 26.)

---

[1] Plaintiffs responded to this amended motion to dismiss on May 26, 2009, requesting a hearing "in the event that additional proof is required to consider and decide Defendants' venue challenge." (D.E. 27.) In light of the analysis below, the Court finds that a hearing is not necessary.

IV.    **Applicable Law**

   A.  **Venue pursuant to 28 U.S.C. § 1391(a)**

Because jurisdiction in this case is founded only on diversity of citizenship, venue is proper pursuant to 28 U.S.C. § 1391(a), which states that this action:

> "may … be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

In this case, not all defendants reside in the same state, so Plaintiff contends that, pursuant to Subsection (2), venue is proper in the Southern District of Texas because "all or a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas." (D.E. 19, p. 2.)  In particular, Plaintiffs allege that venue is proper in the Corpus Christi Division of the Southern District of Texas because (1) The Redemptorists "assigned Springer to work and serve as a parish priest in a parish within the Diocese of Corpus Christi for nearly two years" and (2) Corpus Christi was the venue for "previous cases against Springer and The Redemptorists."  (D.E. 25, p. 3.)  However, as explained below, neither of these connections are sufficient to make the Southern District of Texas the proper venue for this case.

    With respect to Plaintiff's first argument, Plaintiffs allege that during the time Defendant Springer "traveled throughout Texas and Louisiana on deaf missionary assignments with The Redemptorists," Springer served as a priest in Corpus Christi, Texas for two years. (D.E. 19, p. 3; D.E. 25, p. 3)  However, Springer's assignments in Texas were all completed by July, 1972," which is two years before Springer allegedly abused Chenevert and six years before Springer allegedly abused Bishop.  "Events that have only a tangential connection with the dispute at bar are not sufficient to lay venue." Seariver Maritime Financial Holdings, Inc. v. Pena, 952 F.Supp.

455, 460 (S.D. Tex. 1996) (citations omitted).  The statutory language "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial.' Events or omissions that might only have some tangential connection with the dispute in litigation are not enough.  Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).  Because the time Springer spent in Texas does not constitute "a substantial part of the events or omissions giving rise to the claim," venue is not proper in the Southern District of Texas based on 28 U.S.C. § 1391(a)(2).

Plaintiffs also argue that "Springer and The Redemptorists' connection to Corpus Christi is well established by eight other plaintiffs who alleged that they had also been raped and/or molested by Springer.  This argument lacks merit.  The fact that venue was proper in the Corpus Christi Division of the Southern District of Texas for *other* suits against Springer and The Redemptorists brought by *other* plaintiffs does not establish that venue is proper in this District for this suit.  Each suit must be analyzed on its own facts.  "To determine proper venue under § 1391(a)(2), only the events that give rise to a claim are relevant, and of the places where the events have taken place, only those locations hosting a substantial part of the events will be considered.  The relevant acts or omissions are only those that have a close nexus to the wrong." Anthony Sterling, M.D. v. Provident Life, 519 F.Supp. 2d 1195, 1204 (M.D. Fla. 2007) (citations omitted).  "Not relevant to determining venue … are events that do not have a close nexus to the wrong.  Acts not included are those that have an insubstantial connection with the kinds of events that give rise to the claim." Id. (citations omitted).  "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed

'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." Gulf Power Co. v. Coalsales II, LLC, 2008 WL 563484 (N.D. Fla. 2008).  Thus, the only facts that are relevant in determining venue, are those facts concerning the present case.  None of the parties reside in Texas and none of the abuse that Plaintiffs are alleged to have suffered occurred in Texas.  Therefore, venue is not proper in the Southern District of Texas.

### B.  Motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3) or transfer this case pursuant to 28 U.S.C. § 1406(a)

Having determined that venue is improper in the Southern District of Texas, this Court must next determine whether to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(3) or to transfer it pursuant to 28 U.S.C. § 1406(a).  According to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  "Generally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them." James v. Booz-Allen, 227 F.Supp.2d 16, 20 (D.D.C. 2002).  See also Davis v. American Society of Civil Engineers, 290 F.Supp.2d 116, 120 (D.D.C. 2003) ("The interest of justice, however, generally requires transferring such cases to the appropriate judicial district rather than dismissing them.") Therefore, the Court finds that it is in the "interest of justice" to transfer this matter to the Middle District of Louisiana, as requested by Defendants as an alternative argument, rather than dismiss the case. (D.E. 26.)  All of the alleged abuse of Plaintiffs, upon which this suit is based, occurred in Baton Rouge, Louisiana, which is located in the Middle District of Louisiana. (D.E. 1, p. 6.) Therefore, because Baton Rouge, Louisiana is the location in which "a substantial part of the

events or omissions giving rise to the claim" occurred, venue is proper in the Middle District of Louisiana. 28 U.S.C. § 1391(a)(2).

**V.**     <u>**Conclusion**</u>

For the reasons set forth above, the Court hereby DENIES Defendant's motion to dismiss this case for improper venue. (D.E. 26.)  The Court hereby GRANTS Defendants' alternative motion to transfer this case, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Middle District of Louisiana.  (D.E. 26.) It is therefore ORDERED that this matter be TRANSFERRED to the Middle District of Louisiana.

SIGNED and ORDERED this 22nd day of July, 2009.

_____
Janis Graham Jack
United States District Judge